DONALD v. SCOTT et al.

Ex parte GONZALES et al.

(Circuit Court, D. South Carolina. December 2, 1895.)

INTOXICATING LIQUORS—INTERSTATE COMMERCE—STATE POLICE LAWS.

Liquors imported by a common carrier from another state, for the personal use of the importer, are under the protection of the interstate commerce law only so long as such personal use continues, and such protection ceases if the liquors are given to another; and in such case they immediately become subject to the police laws of the state.

This was a petition by A. E. and W. E. Gonzales, in the case of James Donald against J. M. Scott and others, praying for the delivery to them of certain packages of liquors seized by the officers under the dispensary act.

H. C. Patton, for petitioners.

Wm. A. Barber, for respondents.

SIMONTON, Circuit Judge. This case was heard at the same time with that of Mr. N. G. Gonzales, and, in general, presents the same features. There were two kegs marked in the name of A. E. Gonzales, with labels showing that they were imported from North Carolina by Mr. A. E. Gonzales, for his own personal use, by a common carrier. Mr. A. E. Gonzales, in his evidence, shows these facts to be true; but he adds that he had given one of the barrels to his brother, W. E. Gonzales. In the opinion just filed (76 Fed. 554), it has been shown that liquor imported from another state, or from

a foreign country, for the personal use of the importer, is protected by the interstate commerce law, and that this protection is continued over the importation after its arrival, so long as this personal use and consumption continues. If, however, this personal use and consumption cease, the protection ceases also. In the present case, Mr. A. E. Gonzales imported for his own use two packages. One continued in his own use and for his own consumption. The other did not. He gave it away. The police law of this state forbids this. Indeed, if packages could be imported by any one for his own use, and, after arrival, could be given to others, there could be no limit to the number so imported by one person, or to that of the recipients after they were imported. The protection of the interstate commerce law is a personal privilege. It cannot be transferred to another person, and give to him the protection given to the importer, only because he actually imported the goods. The package belonging to A. E. Gonzales is in the possession of the respondent F. M. Mixson. Let him deliver it to the owner. After such delivery, this rule will be discharged. The other package, that now owned by Mr. W. E. Gonzales, has been withdrawn from the jurisdiction of this court.